## Case No. 11,731.
REYNOLDS et al. v. MAXWELL.

[2 Blatchf. 555.] [1]

Circuit Court, S. D. New York. Feb., 1853.

CUSTOMS DUTIES — INVOICE — VALUATION IN DEPRECIATED CURRENCY — CONSULAR CERTIFICATE — PROTEST.

Where two entries on importations from the same Austrian port were made, not much over one month apart, and the goods were valued in the invoices, in both cases, in a depreciated paper currency, and a deduction was claimed in both cases on that account, a proper consular certificate having been presented to the collector in the first case, and rejected on the ground that no allowance for depreciation could be made, and there being a proper written protest in the second case: *Held* that, although the importer presented no consular certificate with his entry in the second case, he was entitled, in that case, to a deduction of the rate of depreciation stated in the certificate in the first case.

This was an action [by William B. Reynolds and Patrick Grant] against [Hugh Maxwell] the collector of the port of New York, to recover back an alleged excess of duties paid him.

John S. McCulloh, for plaintiffs.

J. Prescott Hall, Dist. Atty., for defendant.

BETTS, District Judge. In this case, a verdict was rendered for the plaintiffs, by consent of parties, subject to the opinion of the court and to correction and adjustment at the custom house. The plaintiffs made two importations of wool into New York, from Trieste, one by the ship Antoinette Maria, the entry of which was made on the 5th of March, 1851. The invoice was dated at Trieste, November 14th, 1850, and a deduction of 23 per cent. was claimed from the valuation stated in paper currency. A certificate of the United States consul at Trieste was attached to the invoice, certifying that the agio on silver at Trieste, on the 14th of November, 1850, was 23 per cent. Duties were exacted by the defendant on the invoice amount, and, on the 6th of March, 1851, they were paid by the plaintiffs under a written protest claiming the deduction of 23 per cent. to bring the goods to actual cost. On the 15th of April, 1851, the other entry was made, of an importation from the same port by the brig Smyrna. The invoice was dated at Trieste, January 23d, 1851, and the price of the wool was charged in paper florins. The plaintiffs claimed to enter the goods at the silver value of the florin, but presented no

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

consular certificate with their invoice. The defendant exacted duties upon the paper valuation, and that amount was paid, April 17th, 1851, under the following protest: "We hereby protest against the payment of duties on the foregoing entry calculated at paper florins, claiming the true value is expressed in the invoice in silver florins, and we pay the excess ·of duties to get possession of the goods." It was proved on the trial, by a witness acquainted with the Austrian currency, that the paper currency in Austria, on the 23d of January, 1851, exceeded the specie value 24 per cent. The entry by the Antoinette Maria was directly within the principle recognized by this court in recent cases, and the plaintiffs are entitled to recover the excess of duties paid on that importation, with interest from the time of payment. To bring the importation by the Smyrna within the same rules, it must appear that the entry or payment was made under circumstances giving the plaintiffs the advantage of the consular certificate which accompanied the previous invoice and entry. It is to be observed that, although the two entries were not exactly coincident in time, yet the interval between them was not much over one month, and, the protests having relation to importations from the same port, and the consular certificate from that port having been presented without avail in the first case, it may fairly be presumed that the collector acted, as to the second entry, with full knowledge of that certificate, and refused to allow the plaintiffs the benefit of it. Moreover, it was proved before the jury that it is a common occurrence, in making entries at the custom house, when a consular certificate accompanies an invoice of Austrian goods, for the collector to tear it off and give it back to the importer as useless, as, under the instructions of the treasury department, he regards the value of the Austrian florin as being fixed by statute at 48½ cents, and takes no notice of evidence proving a depreciation below that. I think that, upon this evidence, the jury would have been well warranted in finding that the duties were, in the case of the Smyrna, exacted by the collector upon the paper value of the goods, with knowledge of the consular certificate which accompanied the importation immediately preceding, and with a full understanding between him and the plaintiffs that they would not be allowed a deduction from the paper valuation stated in the entry, upon that or any other description of proof.

The verdict being taken for the plaintiffs by consent of parties, subject to the opinion of the court upon the law of the case, I shall hold, upon the evidence, that the collector was bound to have taken cognizance under the protest in this case, of the consular certificate on file with the previous importation, and to have demanded a bond for the production of a later one, if that was not satisfactory as to the true rate of depreciation at the time of the purchase. The plaintiffs proved the depreciation of the paper florin to have been 24 per cent. at Trieste at the date of the invoice, but, in my opinion, the collector is only chargeable with the rate certified by the consul. The plaintiffs are, therefore, entitled to recover, with interest, the duties paid on the difference between ·the paper and silver value of the invoice and entry rated at 23 per cent., and also costs of suit.